# **EXHIBIT A**



Search for Cases by: Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print          GrantedPublicAccess  Logoff BEN_WOODARD

## 21SL-CC00895 - MARILYN MARGULIS V DIAMOND RESORTS INTERNATI ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending          Display Options: All Entries

---

**03/22/2021** ☐ **Summons Personally Served**

Document ID - 21-SMOS-198; Served To - DIAMOND RESORTS INTERNATIONAL, INC.; Server - ; Served Date - 05-MAR-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**03/10/2021** ☐ **Receipt Filed**

Service invoice paid 57 forservice on Diamond resorts 3421.
  **Filed By:** MAX GEORGE MARGULIS
  **On Behalf Of:** MARILYN MARGULIS

☐ **Notice of Service**

Affidavit of service for DIAMOND RESORTS ON 3521 1010a.
  **Filed By:** MAX GEORGE MARGULIS

**03/01/2021** ☐ **Summ Issd- Circ Pers Serv O/S**

Document ID: 21-SMOS-198, for DIAMOND RESORTS INTERNATIONAL, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**02/24/2021** ☐ **Filing Info Sheet eFiling**

  **Filed By:** MAX GEORGE MARGULIS

☐ **Note to Clerk eFiling**

  **Filed By:** MAX GEORGE MARGULIS

☐ **Motion Special Process Server**

Request for Appointment of Process Server for Diamond Resorts International Inc.
  **Filed By:** MAX GEORGE MARGULIS
  **On Behalf Of:** MARILYN MARGULIS

☐ **Pet Filed in Circuit Ct**

Petition for Breach of Telephone Consumer Protection Act Breach of Missouri Merchandising Practices Act Chapter 407 and Civil Conspiracy w Exhibit A.
  **Filed By:** MAX GEORGE MARGULIS

☐ **Judge Assigned**

---

**21SL-CC00895**

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

STATE OF MISSOURI　　　)
　　　　　　　　　　　　　)
COUNTY OF ST. LOUIS　　)

### IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### STATE OF MISSOURI

| | |
|---|---|
| MARILYN MARGULIS, | |
| | Cause No. |
| Plaintiff, | |
| v. | Division |
| | |
| DIAMOND RESORTS INTERNATIONAL, INC., | PROCESS SERVER |
| National Registered Agents, Inc. 701 S. Carson St., Ste 200 Carson City, NV 89701 Carson City County | |
| | |
| MICHAEL ALLEN FLASKEY, | HOLD SERVICE |
| 5243 Isleworth Country Club Dr. Windermere, FL 34786 Orange County | |
| | |
| and | |
| | |
| JOHN DOES 1-10, | HOLD SERVICE |
| Defendants. | |

### PETITION FOR BREACH OF
### TELEPHONE CONSUMER PROTECTION ACT
### BREACH OF MISSOURI MERCHANDISING PRACTICES ACT Chapter 407 and
### CIVIL CONSPIRACY

### PARTIES
### PLAINTIFF

1.　　Plaintiff Marilyn Margulis is a resident of St. Louis County, Missouri.

2.　　At all times relevant, Plaintiff Marilyn Margulis or her representative (hereinafter "Plaintiff") had residential telephone service at (636) 536-7022.

3.　　At all times relevant, Plaintiff Marilyn Margulis or her representative (hereinafter "Plaintiff") had cellular telephone service at (314) 303-7470.

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

4.      Plaintiff telephone number (636) 536-7022 is and was at all relevant times on the Missouri Do Not Call List.

5.      Plaintiff telephone number (314) 303-7470 is and was at all relevant times on the Missouri Do Not Call List.

6.      Plaintiff telephone number (636) 536-7022 is and was at all relevant times on the National Do Not Call List.

7.      Plaintiff telephone number (314) 303-7470 is and was at all relevant times on the National Do Not Call List

## DEFENDANTS
## DIAMOND RESORTS INTERNATIONAL, INC.

8.      Defendant, Diamond Resorts International, Inc., is a Delaware corporation doing business at 10600 W. Charleston Blvd, Las Vegas, NV 89135, and also doing business as Diamond Resorts Holdings, LLC.

9.      On information and belief, Defendant Michael Allen Flaskey is the President – CEO - Director of the Defendant corporation Diamond Resorts International, Inc.

10.     National Registered Agents, Inc. is the Registered Agent of the Defendant corporation Diamond Resorts International, Inc.

11.     Defendant, Diamond Resorts International, Inc., transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

12.     Defendant, Diamond Resorts International, Inc., has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

13.     Diamond Resorts International, Inc., Michael Allen Flaskey, and John Does 1-10 are hereinafter "the Diamond Resorts Defendants".

## MICHAEL ALLEN FLASKEY

14.     Defendant, Michael Allen Flaskey, is an individual located at 5243 Isleworth Country Club Dr., Windermere, FL 34786.

15.     Defendant, Michael Allen Flaskey, is upon information and belief, a resident of Florida to be found at 5243 Isleworth Country Club Dr., Windermere, FL 34786 who is the President – CEO - Director of the Defendant corporation, Diamond Resorts International, Inc.

16.     Defendant, Michael Allen Flaskey, transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

17.     Upon information and belief, Defendant, Michael Allen Flaskey, is one of the principal owners of Diamond Resorts International, Inc.

18.     Upon information and belief, Michael Allen Flaskey knew of and participated in the solicitation calls made by or on behalf of Diamond Resorts International, Inc. or by failure to act, allowed the making of phone calls into the state of Missouri by or on behalf of Diamond Resorts International, Inc.

19.     Defendant, Michael Allen Flaskey, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

20.     Defendant, Michael Allen Flaskey, upon information and belief, exercised direction and/or control over Defendant Diamond Resorts International, Inc., both generally and specifically with regard to the making of phone solicitations.

21.     Defendant, Michael Allen Flaskey is one of the individuals with ultimate authority for, and/or who is responsible for the making of phone solicitations by Diamond Resorts International, Inc.

22.     Diamond Resorts International, Inc., Michael Allen Flaskey, and John Does 1-10 are hereinafter "the Diamond Resorts Defendants".

23.     Defendants directly and/or indirectly direct and/or exercises control over the agents who initiate calls on behalf of Defendants.

**JOHN DOES 1-10**

24.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

**ACTS OF AGENTS**

25.     Whenever it is alleged in this Petition that Defendants did any act, it is meant that the Defendants performed, caused to be performed, and/or participated in the act and/or that Defendants' officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent performed or participated in the act on behalf of, for the benefit of, and/or under the authority of Defendants.

**COUNT ONE**

COMES NOW Plaintiff, Marilyn Margulis, and for her cause of action against Defendants states as follows:

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

## THE TELEPHONE CONSUMER PROTECTION ACT

26.     47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the promulgated thereunder regulations provides in pertinent part 64.12000(c)(2) et seg which states: (c) No person or entity shall initiate any telephone solicitation to: ...(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.  Such do-not-call registrations must be honored indefinitely, ....".

27.     47 C.F.R § 64.1601(e)(1-2) requires a caller to transmit proper caller identification.
        (e) Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(10) must transmit caller identification information.
        (1) For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.
        (2) Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information.

28.     47 C.F.R. 64.1200(d)(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

29.     Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for the calls to Plaintiff's residential telephone line.

30.     Defendants failed to provide proper identification information and did not fulfill the requirements of 47 C.F.R § 64.1200(b)(1) and 64.1200(b)(2) for the calls to Plaintiff's residential telephone line.

31.     Under the TCPA, as interpreted by the Federal Communications Commission ("FCC"), a company on who's behalf a telephone solicitation is made bears ultimate responsibility for any violations of the TCPA.  *In re DISH Network, LLC,* 28 F.C.C. Rcd. 6574, 6590 (2013)

32.     Calls placed by a third party on behalf of that company are treated as if the company itself placed the call. *Id.*

33.     The phone calls at issue in this case were made by and/or for the benefit of Defendant. Because these calls were made by or "on behalf" of Defendant, Defendant bears the responsibility for any violations of the TCPA, even if Defendant did not directly place the calls. Defendant is also responsible for illegal actions of its agents and is also responsible for any illegal actions conducted in the course of any joint venture with any third party.

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

**THE MISSOURI NO-CALL LAW**

34. Mo. Rev. Stat. § 407.1098.1, Telephone Solicitation of Member on Do Not Call List Prohibited, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

35. A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

36. A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

37. Defendants call to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

38. Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

39. Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

40. Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

41. Mo. Rev. Stat. § 407.1076, Unlawful Telemarketing Acts or Practices, provides in pertinent part:

> It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:
>
> (3) Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

(4) Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

42.     MO Rev. 407.1104, Caller Identification Service, Telephone Solicitor not to be Interfered with, provides in pertinent part:

1. Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service

## PRELIMINARY STATEMENT

43.     This case challenges Defendants' policy and practice of being responsible for the placing of live telemarketing calls to residential telephones for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

44.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits live telemarketing calls to subscriber on the National Do Not Call List.  The TCPA was enacted to protect privacy rights.  The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

45.     The TCPA was enacted to protect privacy rights and is designed to rein in the proliferation of telemarketing calls.  Other than a call for emergency purposes or calls made with the prior consent of the called party, companies like Defendants may not make calls to residential subscribers on the National Do Not Call List.

46.     Upon information and belief, Defendants developed a promotional scheme utilizing live telemarketing calls sent to residential telephone subscribers like Plaintiff.  The purpose of this scheme was to encourage the purchase or rental of, or investment in, property, goods, or services of Defendants.

47.     On information and belief, Defendants knew or should have known that the calls were being placed to residential telephone subscribers like Plaintiff on the National Do Not Call List.

48.     The TCPA is a skeleton of a system designed to rein in the proliferation of telemarketing calls.  Much of the detail was left to the FCC.  Congress's delegation was both explicit and implicit.  In § 227(c), Congress explicitly set forth the FCC's role by giving the FCC the power to "initiate rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

49.     Further, 47 U.S.C. § 227(b)(3) provides a private right of action to Plaintiff for Defendants' violation.  Said section provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)   An action based on a violation of this subsection **or** the regulations prescribed under this subsection to enjoin such violation, (*emphasis added*)
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     Both such actions.

If the court finds that the Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under sub-paragraph (B) of this paragraph.

50.     On information and belief, the Diamond Resorts Defendants initiated at least 3 (three) live telephone calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential cellular telephone line at (314) 303-7470 on or about November 15, 2019 and December 19, 2019 and Plaintiff's residential telephone line at (636) 536-7022 on or about the date of February 3, 2020.  (See attached Exhibit A.)

51.     Placing each of the calls was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

52.     Placing each of the calls violated MO Rev. 407.1098.

53.     The agent on these calls was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

54.     Defendant's acts in this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

55.     See Exhibit A for the CallerID numbers transmitted for each of the 3 (three) calls.

56.     Upon information and belief, none of the CallerID numbers were a number assigned to Defendants or their agents and all were disconnected telephone numbers.  Upon information and belief, Defendants intended to hide the true Caller ID of the calling number.

57.     Placing each the calls violated MO Rev. 407.1104.

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

58.     The Defendant or someone acting on his behalf for each of the calls identified in Exhibit A, knowingly used a method to block or otherwise circumvent any subscribers use of a caller identification service in violation of Missouri Revised Statutes Section 407-1104(2).

59.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

60.     Upon information and belief, Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for these calls to Plaintiff's residential telephone line.

61.     On information and belief, Plaintiff has received more than one telephone call from Defendant within a 12-month period.

62.     Plaintiff or her representative requested a copy of the current Do Not Call Policy of Defendant Diamond Resorts International, Inc. and provided Plaintiff's full name and address.

63.     A copy of the current Written Do Not Call Policy as required under the TCPA has not been sent to Plaintiff resulting in a violation of 47 C.F.R. 64.1200(d)(1).

## ADDITIONAL CALLS

64.     On information and belief, discovery will show that multiple additional calls were made to the Plaintiff's residential telephone numbers and cellular telephone numbers by the Defendants for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services from October 15, 2019 to the present and that the Defendants hid the true telephone numbers they were calling from by falsifying the Caller ID on each call.

65.     Defendant Diamond Resorts International, Inc. knew of the provisions of the Telephone Consumer Protection Act 47 U.S.C. 227 and rules and regulations enacted by the FCC prior to the time that any telemarketing calls were made to Plaintiff.

66.     Defendant Michael Allen Flaskey knew of the provisions of the Telephone Consumer Protection Act 47 U.S.C. 227 and rules and regulations enacted by the FCC prior to the time that any telemarketing calls were made to Plaintiff.

67.     Defendant Diamond Resorts International, Inc. knew of the provisions of the Missouri telemarketing statutes and regulations prior to the time that any telemarketing calls were made to Plaintiff.

68.     Defendant Michael Allen Flaskey knew of the provisions of the Missouri telemarketing statutes and regulations prior to the time that any telemarketing calls were made to Plaintiff.

69.     Defendant Diamond Resorts International, Inc. intended to place calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to residents of the State of Missouri.

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

70.    Defendant Michael Allen Flaskey intended to place calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to residents of the State of Missouri.

71.    Defendant Diamond Resorts International, Inc. has placed hundreds of calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to residents of the State of Missouri.

72.    Defendant Michael Allen Flaskey has placed hundreds of calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to residents of the State of Missouri.

## VIOLATIONS OF THE TCPA AND REGULATIONS

73.    That the telephone calls to Plaintiff made by Defendant constituted a minimum of 7 violation(s) of the Federal Telephone Consumer Protection Act §227 and following and the regulations promulgated thereunder FCC (which amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et seq.) which provide for $500 statutory damages for each violation.

74.    The TCPA and regulations also provide for tripling of the statutory damages for each violation if the Court finds that the defendant willfully or knowingly violated the statute or the regulations prescribed.

## VIOLATIONS OF MISSOURI CHAPTER 407

75.    Placing each of the three (3) calls violated MO 407.1098, Telephone Solicitation of Member on Do Not Call List Prohibited, which states No person or entity shall make or cause to be made any telephone solicitation to any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations.  Chapter 407.1107 provides for up $5,000 in damages for each knowingly violation.

76.    Placing the three (3) calls violated MO Rev. 407.1104, Caller Identification Service, Telephone Solicitor and Rev. 407.1076, Unlawful Telemarketing Acts or Practices, not to be Interfered with, which provide damages in the amount of up to $5,000 per violation.

## COUNT TWO
### Civil Conspiracy

77.    Count one is restated as if set forth herein.

78.    The Diamond Resorts Defendants acting in concert with one or more of John Does 1-10, with the unlawful objective of violating the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407 did ratify the unlawful acts of John Does 1-10 making calls to Margulis in violation of the TCPA and Missouri Merchandising Practices Act, Chapter 407.

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

79.     There was a meeting of the minds between the Diamond Resorts Defendants and John Does 1-10 to conspire together to violate the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407.

80.     The Diamond Resorts Defendants either placed the telemarketing calls directly or were affiliated with the entities making the telemarketing calls to Margulis in furtherance of the unlawful objective.

81.     The Diamond Resorts Defendants conduct either directly violated the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407 or aided John Does 1-10 in violating the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407.

82.     Margulis was damaged by the acts of the Diamond Resorts Defendants and the Diamond Resorts Defendants as conspirators are jointly and severally liable for the violations of the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407 committed by John Does 1-10 or the Diamond Resorts Defendants.

        WHEREFORE, as a result of the civil conspiracy committed by Diamond Resorts International, Inc., Michael Allen Flaskey, and JOHN DOES 1-10, the Diamond Resorts Defendants are liable for all violations of the TCPA as provided by 47 U.S.C. 227 and all violations of the Missouri Merchandising Practices Act, Chapter 407, committed by John Does 1-10 or the Diamond Resorts Defendants.

## COUNT THREE
### Injunctive Relief

83.     Count one and Count two are is restated as if set forth herein.

84.     As provided by 47 U.S.C. §227(b)(3)(A) Defendants or their agent(s) should be permanently enjoined from violating the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407.

        WHEREFORE, Plaintiff, prays judgment against Defendants Diamond Resorts International, Inc., Michael Allen Flaskey, and John Does 1-10 in the amount of $30,000 (six (6) violations x $5,000) for violations of MO Rev. 407 and $10,500 (seven (7) violations x $1,500) for violations of the TCPA as provided by 47 U.S.C. 227 for total damages of $40,500, plus statutory damages for all additional calls violating the TCPA and MO Rev. 407 made by or on

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

behalf of Defendants and that Defendants be enjoined from making telephone calls in violation of the Missouri statutes and TCPA, attorney fees, plus Court costs and for such other and further relief as this Court deem proper.

_/s/  Max G. Margulis_
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 - Residential
E-Mail:  MaxMargulis@MargulisLaw.com

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

| | Date | Time | To | From | Caller ID Name | |
|---|---|---|---|---|---|---|
| | **EXHIBIT A - Diamond Resorts International, Inc. for calls to 314-303-7470 & 636-536-7022** | | | | | |
| | **Date** | **Time** | **To** | **From** | **Caller ID Name** | |
| | | | | | | |
| 1 | 11/15/2019 | 12:12p | 314-303-7470 | 1-386-219-1053 | -- | |
| 2 | 12/19/2019 | 3:05p | 314-303-7470 | 1-844-952-9092 | -- | |
| 3 | 2/3/2020 | 12:25p | 636-536-7022 | 1-866-877-3868 | TOLL FREE CALL | |

**21SL-CC00895**

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

_Marilyn Margulis_
Plaintiff/Petitioner

February 24, 2021
Date

vs.

_____
Case Number

_Diamond Resorts International, Inc.,_
Defendant/Respondent

_____
Division

Michael Allen Flaskey & JOHN DOES 1-10

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  _Max G. Margulis, Attorney for Plaintiff_                          , pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Kristen Ithurburu and Brian Turley of Zane Investigations, Inc., PO Box 11293, Reno, NV 89510,_
Name of Process Server                          Address                                                          Telephone

_9 Greg St, Sparks, NV 89431,     P: 775-337-8177_
Name of Process Server                          Address or in the Alternative                          Telephone

_____
Name of Process Server                          Address or in the Alternative                          Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:  Diamond Resorts International, Inc.,
_National Registered Agents, Inc., Reg Agent_
Name
_701 S. Carson St., Ste 200_
Address
_Carson City, NV 89701_
City/State/Zip  Carson City County

SERVE:

_____
Name

_____
Address

_____
City/State/Zip  County

SERVE:

_____
Name

_____
Address

_____
City/State/Zip  County

SERVE:

_____
Name

_____
Address

_____
City/State/Zip  County

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
   Deputy Clerk

_____
Date

_/s/ Max G. Margulis_
Signature of Attorney/Plaintiff/Petitioner
_24325_
Bar No.
_28 Old Belle Monte Rd, Chesterfield MO 63017_
Address
_636-536-7022 - Residential_      _636-536-6652 - Residential_
Phone No.                                          Fax No.

Electronically Filed - St Louis County - February 24, 2021 - 09:30 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number:  21SL-CC00895 |
|---|---|
| Plaintiff/Petitioner:<br>MARILYN MARGULIS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO  63017 |
| Defendant/Respondent:<br>DIAMOND RESORTS INTERNATIONAL, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  DIAMOND RESORTS INTERNATIONAL, INC.
   Alias:
NATIONAL REGISTERED AGENTS INC
701 S CARSON ST, STE 200
CARSON CITY, NV  89701

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

   <u>01-MAR-2021</u>                                    _____
   **Date**                                                                        Clerk
   **Further Information:**
   **AD**

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   .
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____                    _____
   Printed Name of Sheriff or Server                                       Signature of Sheriff or Server
   **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
   I am: (check one)     ☐ the clerk of the court of which affiant is an officer.
                              ☐ the judge of the court of which affiant is an officer.
   *(Seal)*                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                 (use for out-of-state officer)
                              ☐ authorized to administer oaths.  (use for court-appointed server)
                              _____
                                          Signature and Title

| **Service Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - March 10, 2021 - 11:42 AM

AFFIDAVIT OF SERVICE

| Case: 21SL-CC00895 | Court: IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI | County: ST. LOUIS, MO | Job: 5420781 (21SL-CC00895) |
|---|---|---|---|
| Plaintiff / Petitioner: MARILYN MARGULIS | | Defendant / Respondent: DIAMOND RESORTS INTERNATIONAL, INC. | |
| Received by: Zane Investigations #830b | | For: Max G. Margulis, Esq. Bar #24325 MARGULIS LAW GROUP 28 Old Belle Monte Rd. Chesterfield, MO 63017 P: (636) 536-7022 E-Mail: MaxMargulis@MargulisLaw.com | |
| To be served upon: DIAMOND RESORTS INTERNATIONAL, INC.c/o National Registered Agents, Inc. | | | |

I, Brian Turley, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Danielle Naki, Authorized Representative for DIAMOND RESORTS INTERNATIONAL, INC.c/o National Registered Agents, Inc., 701 S CARSON ST SUITE 200, CARSON CITY, NV 89701-5217

**Manner of Service:** Registered Agent, Mar 5, 2021, 10:10 am PST

**Documents:** PRESERVATION LETTER (Received Mar 4, 2021 at 7:28am PST), PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT (Received Mar 4, 2021 at 7:28am PST), Summons (Received Mar 4, 2021 at 7:28am PST)

**Additional Comments:**
1) Successful Attempt: Mar 5, 2021, 10:10 am PST at 701 S CARSON ST SUITE 200, CARSON CITY, NV 89701-5217 received by Danielle Naki, Authorized Representative for DIAMOND RESORTS INTERNATIONAL, INC.c/o National Registered Agents, Inc.. Age: 28; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'8"; Hair: Brown; Relationship: Authorized Representative for National Registered Agents, Inc.;

_____   3/8/2021
Brian Turley                Date
R-028626

Zane Investigations #830b
P.O. BOX 11293
RENO, NV 89510
775-691-6664

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
3/8/2021              12/13/2024
Date          Commission Expires

Michaela Yonehiro-Hanks
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 20-6029-02
My Appt. Expires  December 13, 2024

Electronically Filed - St Louis County - March 10, 2021 - 11:42 AM

**Zane Investigations #830b**
P.O. BOX 11293
RENO, NV 89510

INVOICE:   5420781
Issued:   Mar 4, 2021
Sent to: Max G. Margulis



**MARGULIS LAW GROUP**
Max G. Margulis
28 OLD BELLE MONTE RD
CHESTERFIELD, MO 63017-6052

PAY TO:
**Zane Investigations #830b**
P.O. BOX 11293
**RENO, NV 89510**

| Case: | 21SL-CC00895 | Plaintiff / Petitioner: | MARILYN MARGULIS |
|---|---|---|---|
| Job: | 5420781 (21SL-CC00895) | Defendant / Respondent: | DIAMOND RESORTS INTERNATIONAL, INC. |

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| Printing Fee | Printing Fee | $0.10 | 20 | $2.00 |
| Routine Service Fee | Routine Service Fee | $55.00 | 1 | $55.00 |

| Payment | Description | Amount Paid |
|---|---|---|
| Mar 4, 2021 | maxmargulis@margulislaw.com Paid Online<br>Payment ID: ch_1IRMOaDMUpRx80LAVVCOYfAj | ($57.00) |

| Thanks for your business. Please pay the "Balance Due" within 21 days. | |
|---|---|
| | Total:    $57.00 |
| | Amount Paid:   ($57.00) |
| | **Balance Due:    $0.00** |

Zane Investigations #830b • P.O. BOX 11293, RENO, NV 89510

Call: 7753378177 • Fax: 7753378477 • Email: serveit@zaneinvestigations.com • Visit: www.zaneinvestigations.com